UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NATHANIEL CHARLES LOESCHER,

                   Plaintiff,

v.                                      Case # 16-CV-300-FPG

                                           DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                   Defendant.
_____

Nathaniel Charles Loescher ("Loescher" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 12. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

**BACKGROUND**

On January 16, 2013, Loescher protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 192-98. He alleged that he had been disabled since March 28, 2011 due to a bulging herniated disc in his low back and left sciatica impingement. Tr. 212. On September 30, 2014, a hearing was held before Administrative Law Judge Michael W. Devlin

---

[1]      Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]      References to "Tr." are to the administrative record in this matter.

("the ALJ") at which Loescher and a vocational expert ("VE") appeared and testified. Tr. 31-59. On December 22, 2014, the ALJ issued a decision finding that Loescher was not disabled within the meaning of the Act. Tr. 19-26. On February 25, 2016, the Appeals Council denied Loescher's request for review. Tr. 1-4. Thereafter, Loescher commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed Loescher's claim for benefits under the process described above. At step one, the ALJ found that Loescher had not engaged in substantial gainful activity since the alleged onset date. Tr. 21. At step two, the ALJ found that Loescher has the following severe impairments: low back disc herniation, cervical spine pain, and obesity. Tr. 21. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 22.

Next, the ALJ determined that Loescher retained the RFC to perform sedentary work[3] with additional limitations. Tr. 22-24. Specifically, the ALJ found that Loescher can occasionally lift, carry, push, and pull 10 pounds and frequently lift and carry less than 10 pounds; can stand and walk at least two hours and can sit about six hours in an eight hour workday; must be allowed to stand for one to two minutes after sitting for approximately 30 minutes and sit for one to two minutes after standing for approximately 15 minutes; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; cannot climb ladders, ropes, or scaffolds; and can frequently reach and handle bilaterally. Tr. 22.

At step four, the ALJ found that this RFC prevents Loescher from performing his past relevant work. Tr. 24. At step five, the ALJ relied on the VE's testimony and found that Loescher can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 25. Specifically, the VE testified that

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

4

Loescher could work as an order clerk and brake linings coater. Tr. 25. Accordingly, the ALJ concluded that Loescher was not "disabled" under the Act. Tr. 25-26.

**II.    Analysis**

Loescher argues that remand is required because the ALJ erred at step three when he failed to explain why Loescher's impairments did not meet or medically equal Listing 1.04: Disorders of the Spine.[4] ECF No. 9-1, at 12-15.

At step three of the disability analysis, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a Listings impairment. 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's RFC and proceeds to the next steps of the analysis. 20 C.F.R. § 404.1520(e)-(f).

To match an impairment in the Listings, the claimant's impairment "must meet all of the specified medical criteria" of a listing. *Barber v. Comm'r of Soc. Sec.*, 6:15-CV-0338 (GTS/WBC), 2016 WL 4411337, at *3 (N.D.N.Y. July 22, 2016) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* An impairment may also be "medically equivalent" to a listed impairment if it is "at least equal in severity and duration to the criteria of any listed impairment." *Id.* (citation omitted).

An ALJ must explain why a claimant failed to meet or equal the Listings "[w]here the claimant's symptoms as described by the medical evidence appear to match those described in the Listings." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 273 (N.D.N.Y. 2009) (citation omitted).

---

[4] Loescher advances another argument that he believes requires reversal of the Commissioner's decision. ECF No. 9-1, at 16-20. However, because the Court disposes of this matter based on the ALJ's error at step three, that argument need not be reached.

5

Importantly, it is the ALJ's responsibility—and not the job of the Commissioner's attorney—to "build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a meaningful review." *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012). The Court "cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered." *Id.* "Nevertheless, an ALJ's unexplained conclusion at step three of the analysis may be upheld where other portions of the decision and other clearly credible evidence demonstrate that the conclusion is supported by substantial evidence." *Yeomas v. Colvin*, No. 13-CV-6276P, 2015 WL 1021796, at *17 (W.D.N.Y. Mar. 10, 2015) (citation, quotation marks, and alterations omitted); *see also Berry v. Schweiker*, 675 F.2d 464, 468-69 (2d Cir. 1982) (affirming the ALJ's step three decision even though he did not set forth a specific rationale "since portions of the ALJ's decision and the evidence before him indicate that his conclusion was supported by substantial evidence").

Here, the ALJ found at step three that Loescher did not have an impairment or combination of impairments that met or medically equaled the severity of a Listings impairment. Tr. 22. In making this finding, the ALJ merely stated that the Listings "have been considered, with particular attention given to Listing 1.04" and provided no explanation as to why Loescher failed to meet the requirements of this Listing. *Id.* For the reasons that follow, the ALJ's conclusory finding that Loescher failed to meet Listing 1.04 is inadequate in light of the evidence supporting Loescher's contention that he meets the requirements. *See Blais v. Astrue*, No. 08-CV-01223 (DNH), 2010 WL 2400177, at *4 (N.D.N.Y. May 13, 2010) (finding that the ALJ erred when he failed to explain why the plaintiff did not meet Listing 1.04A even though there was evidence in the record that he did).

Listing 1.04A: Disorders of the Spine provides, in relevant part:

> Disorders of the spine (*e.g.*, herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in a compromise of a nerve root (including cauda equine) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, App'x 1, § 1.04A. Thus, to establish that he meets the Listing, Loescher must demonstrate that he suffers from nerve root compression and each of the four characteristics set forth in the Listing during the relevant time period.

As to "nerve root compression," a June 14, 2011 MRI revealed that Loescher had "nerve root displacement" and "thecal sac impingement." Tr. 253. Loescher's neurosurgeon David G. Storrs, M.D. noted that his disc herniation "is certainly compressing the S1 root and he does have fairly good clinical history and findings for an S1 radiculopathy." Tr. 281. This evidence supports Loescher's contention that he suffers from nerve root compression. *See Kerr v. Astrue*, No. 09-CV-01119 (GLS), 2010 WL 3907121, *5-6 (N.D.N.Y. Sept. 7, 2010) (concluding that nerve root compression was suggested by images depicting "impingement in the thecal sac"), *report and recommendation adopted*, 2010 WL 3893922 (N.D.N.Y. Sept. 30, 2010); *Blais*, 2010 WL 2400177, at *4 (noting that radiculopathy is a "disorder of the spinal nerve roots" and suggests nerve root compression) (citations omitted). As the Commissioner points out, however, an October 14, 2011 MRI revealed "no disc herniation or central or foraminal stenosis," no "significant impingement, and "no significant change." Tr. 270-72.

7

As to "neuro-anatomic distribution of pain," the record contains evidence that Loescher experienced lower back pain that radiated into his left hip, buttocks, and leg. *See, e.g.*, Tr. 258, 264, 273, 281, 288, 293, 303, 483, 517. The record also demonstrates that Loescher had a limited range of motion in his lumbar spine. *See, e.g.*, Tr. 281, 289, 294, 304, 519. But 484

Listing 1.04A also requires demonstrated motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss. Several of Loescher's examinations revealed that he had muscle weakness and difficulty walking and getting on and off chairs or examination tables. *See, e.g.*, Tr. 266-67, 273, 281, 518. As the Commissioner points out, however, there is also evidence that Loescher did not have weakness, walked with a normal gait, had full and intact motor strength in his neck and extremities, and that he could heel toe walk without difficulty. *See, e.g.*, Tr. 258, 289, 484. The record also demonstrates that Loescher had positive straight-leg raising tests, which the Listing requires when there is a low back impairment. *See, e.g.*, Tr. 259, 267, 273, 281, 289, 304, 519.

It is unclear from the ALJ's decision whether he truly considered Listing 1.04A or which criteria he found Loescher failed to establish. As explained above, the record contains evidence that Loescher meets the requirements of Listing 1.04A, but it also contains some evidence to the contrary. Thus, the Court cannot conclude that the ALJ's determination is supported by substantial evidence because he failed to explain his reasoning and there is conflicting medical evidence in the record. *See Yeomas*, 2015 WL 1021796, at *19 (noting that conflicting evidence as to whether the plaintiff met Listing 1.04A was "sufficient to require the ALJ to assess the totality of the evidence and to explain his conclusion"); *Quinones v. Colvin*, No. 6:13-cv-06603 (MAT), 2014 WL 6885908, *6 (W.D.N.Y. Dec. 8, 2014) ("Because the ALJ failed to provide an analysis of Plaintiff's back impairments sufficient to enable this Court to conclude that the step

three finding is supported by substantial evidence, remand for further administrative proceedings is warranted."). Accordingly, remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 24, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court